William J. Martin and Sophie V. Martin,

*vs.*

The D. B. Martin Company, Joseph J. Martin, Henry Lammertz and Harry F. Cook.

*New Castle, Aug.* 4, 1914.

A suit by two stockholders for themselves and all other stockholders and persons interested in the company for redress and restitution for the misconduct of the officers in the management of the affairs of the company, and as incidental to such restitution a receivership and an accounting, did not abate upon the death of one of the complainants, but might proceed in the name of the surviving complainant as though he were the only complainant, as either complainant could have prosecuted the suit without the other or independently of the other, and one was not disqualified to proceed because the other was dead.

ABATEMENT OF SUIT. The defendant had asked for security for costs based on the non-residence of the complainants, and a rule on the complainants was made returnable on Friday, the thirty-first day of July, 1914, at ten o'clock a. m. After the rule issued and a few hours before it was returnable, one of the complainants died and an affidavit of that fact was filed and the death suggested of record by the defendants. Thereupon the question arose whether the suit had abated and whether it could proceed without a substitution of the representative of the deceased complainant for the complainant.

*Hugh M. Morris*, for the complainant William J. Martin.
*Herbert H. Ward*, for the defendants.

THE CHANCELLOR. Counsel have found no precedent directly in point, but settled principles determine the conclusion that the suit has not abated, and that the remaining complainant may proceed with the suit as sole complainant, though the representative of the deceased complainant be not made a party to the cause. The suit is brought by two stockholders against the company and certain of its officers seeking for themselves and all other stockholders and other persons interested in the company, redress and restitution for the misconduct of the officers in the management of the affairs of the company, whereby the officers were benefited to the detriment of the company. A receiver was asked for and also an account, but restitution to the company of benefits obtained by the individual defendants in dealing with the property and affairs of and the company was the real purpose of the bill, a receivership accounting being incidental thereto and means adopted to attain the main object. The cause of the two complainants was the cause of each and every other stockholder, and the two complainants were united for a common purpose, which either could have prosecuted without the other, or independently of the other. Neither of them were necessary or material parties. Either could have acted without the other. Each was separately competent to call upon the court for the decree which each could have asked for separately. One of them is not dis-

qualified to proceed because the other is dead. Another important consideration is the fact that neither of the complainants have individually any direct interest in the cause in the sense that either could directly receive any portion of any money or other advantage recovered or obtained in the suit, or any advantage not common to all other stockholders. The controlling principle is thus stated:

"So if a surviving party can sustain the suit, as in the case of several creditors, plaintiffs on behalf of themselves and other creditors. For the persons remaining before the court, in all these cases, either have in them the whole interest in the matter of litigation, or at least are competent to call upon the court for its decree." 1 *Bacon's Abridgment*, "*Abatement*," *p*. 12; *Adam's Equity*, *p*. 404; 1 *Smith's Chancery Practice*, 512; *Mitford and Tyler's Equity Procedure*, *p*. 157; 1 *Harrison's Chancery*, *pp*. 262, 266, 270.

It is not necessary to determine whether *Section* 26 *of Article IV of the Constitution of the State* prevents an abatement. It is contended by the complainant that as the cause of action survives there is no abatement, but at most a question as to the sufficiency of the parties, and as the deceased was not an indispensable party the suit could go on though the personal representative of the deceased co-complainant be not made a party complainant in her place.

In view of the conclusion above stated, it is probable that this proposition is correct. But because it is clear that the surviving complainant has a distinct right and is still competent to ask for the same decree which the two original complainants together asked for, the suit may proceed as though the surviving complainant was the only complainant and as though the deceased complainant had not joined in the suit.

Therefore, no cause being shown why the complainant should not give security for costs, the rule will be made absolute.